16753

IVES v. IVES *ET AL.*

(76 S. E. (2d) 471)

462

*Mr. Harold W. Funderburk,* of Camden, *for Plaintiff-Appellant,* and *Mr. J. Clator Arrants,* of Camden, *for Defendant-Appellant, Mary G. Ives,*

*Messrs. Murchison & West,* of Camden, *for Defendant-Respondent, Albert Joseph Cayer,*

June 11, 1953.

OXNER, JUSTICE.

This is an action to reform a deed on the ground of mutual mistake. Appellants S. D. Ives and Horace Ives formerly owned as tenants in common a tract of land in Kershaw County, ten or twelve miles southeast of the City of Camden, containing approximately 42 acres. From this tract, on May 8, 1946, they conveyed to their brother, appellant James D. Ives, in consideration of $5 and love and affection, "two acres, more or less," referred to in the deed as "being situated on both sides of the Black River Road." It is claimed the parties to this deed did not intend that the two acre tract should extend north of the Black River Road and that the

scrivener, a member of the Camden Bar, made a mistake in the description on account of information "erroneously and inadvertently" furnished him by the parties to the transaction. The land in dispute consists of 1.4 acres north of the Black River Road:

On January 21, 1948, S. D. Ives, in consideration of $5 and love and affection, conveyed to his wife, appellant Mary Genuia Ives, his undivided one-half interest in the 42 acre tract of land. This deed contained no exception of the two acre tract previously conveyed to James D. Ives. On October 5, 1948, James D. Ives, in consideration of $1,000, conveyed to respondent Albert Joseph Cayer the two acre tract of land which had been conveyed to him by his brothers, S. D. Ives and Horace Ives. After Cayer went into possession, a dispute arose as to the boundaries of the two acre tract. On December 13, 1949, this action was commenced by S. D. Ives and Horace Ives to reform the two deeds involving the two acre tract of land. After the action was commenced, Horace Ives, on December 22, 1949, in consideration of $1,000, conveyed to Mary Genuia Ives his undivided one-half interest in the 42 acre tract.

Mary Genuia Ives filed an answer admitting the allegations of the complaint and joining in the prayer thereof, and by way of cross-complaint against Albert Joseph Cayer alleged that he had trespassed on her lands by entering upon and cutting trees on the premises lying north of the Black River Road. On this cross-complaint, a restraining order against Cayer was granted in the Circuit Court, upon Mrs. Ives filing bond with surety in the sum of $750. An answer was duly filed by Cayer denying that there was any mutual mistake between the original parties, and further setting up the defense of innocent purchaser for value without a notice of any existing equity of reformation.

By consent of the parties, the case was referred to the Master for Kershaw County who, after taking considerable testimony, filed a report in which he concluded that there was no mutual mistake between the parties in the convey-

ance to James D. Ives and that even if there were Cayer, was an innocent purchaser for value without any notice of such mistake. This report was confirmed by the Circuit Judge. He stated in his decree:

"The evidence convinces me that the attorney who prepared the original conveyance did not make an error in the description, but described the property from the information furnished by the plaintiffs who were the grantors. As the Master pointed out, the phrase 'on both sides of the Black River Road * * *' is used in that conveyance for the first time and must have been furnished by the plaintiffs. If it were indeed furnished by plaintiffs, there was no mistake."

The Circuit Judge further concluded, as did the Master, "that even if there were a mutual mistake as to the original parties, the defendant Cayer had made out his defense of being an innocent purchaser for value." The Court ordered that the complaint of the plaintiffs and the cross-action of the defendant Mary Genuia Ives be dismissed; adjudged that Cayer was the owner in fee simple of the land described in the deed to him, which was found to contain 2.8 acres, half of which was north and the other half south of the Black River Road; and authorized Cayer, if he be so advised, to institute an action against Mary Genuia Ives and her surety "to recover such damages as he may have suffered by reason of the injunction heretofore issued."

The Master states in his report that in addition to hearing the testimony he, with the consent of the parties, "made several visits to the locale of this dispute and personally observed the overall layout and the general location of the roads, boundaries, intersections and what few landmarks that were available." It was also agreed that the Master should employ a civil engineer to make a survey and plat of the property, each side depositing $25 for this purpose. This survey shows that the tract referred to in the deeds as containing "two acres more or less" and lying on both sides of the Black River Road, actually contained 2.8 acres, with 1.4 acres south and 1.4 acres north of the Black River Road.

The Master concluded that this property could be very readily located from the description in the deeds, and that the boundaries referred to therein were in substantial accord with the plat.

There is no claim in the instant case of a unilateral ██ mistake on the part of one party induced by fraud, deceit, misrepresentation, concealment, or imposition on the part of the other. The basis of the complaint is that there was a mutual mistake. To justify reformation on this ground, it was incumbent upon appellants to show by clear and convincing evidence that the parties intended that the deed should convey certain property and by mistake in the drafting of same, the conveyance did not represent such intention. *Gowdy v. Kelley,* 185 S. C. 415, 194 S. E. 156. Even if there were a mutual mistake between the parties to the original deed, reformation will not be granted as against a subsequent *bona fide* purchaser for value of the land. 45 Am. Jur., Reformation of Instruments, Sections 68 and 69; annotations 44 A. L. R. 78, 102 A. L. R. 825.

Both the Master and the Circuit Judge found that ██ there was no mutual mistake in the drafting of the deed from S. D. Ives and Horace Ives to James D. Ives and, further, that even if there were such a mistake, respondent Cayer had no notice, actual or constructive, of the mistake and was an innocent purchaser for value. This situation calls for the application of the well-settled rule "that in an equity case findings of fact by a master or a referee, concurred in by a circuit judge, will not be disturbed by this Court unless it appears that such findings are against the clear preponderance of the evidence." *Epworth Orphanage v. Long,* 207 S. C. 384, 36 S. E. (2d) 37, 44. It would serve no useful purpose and unduly prolong this opinion to review the evidence in this case. It is sufficient to say that after careful consideration of all the testimony, we cannot say that the findings of the Master and Circuit Judge are against the preponderance of the evidence. Indeed, we think the overwhelming weight thereof supports their conclusions.

We find it unnecessary to pass upon the other questions discussed in appellants' brief. The decree of the Court below is affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.